[Cite as *State v. Furniss*, 2013-Ohio-2064.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J, |
| -vs- | : | |
| | : | |
| CHARLES FURNISS | : | Case No. 12-CA-41 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 12 CR 0110



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                May 13, 2013



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOCELYN S. KELLY                          AARON CONRAD
239 West Main Street                      120½ East Main Street
Suite 101                                 Lancaster, OH  43130
Lancaster, OH  43130

*Farmer, J.*

{¶1}   On October 8, 2011, Lancaster Police Officer James Hall stopped appellant, Charles Furniss, for speeding.  Officer Matt Mullet arrived as backup.  When appellant retrieved his registration from his glove compartment, a padded case fell to the floorboard.  Officer Mullet asked to see the case and appellant handed it over.  Officer Mullet opened the case and discovered a glass pipe containing marijuana residue.  Appellant was ordered out of his vehicle whereupon his person was searched and pills, marijuana, and money were found in his pockets.  Appellant identified the pills and admitted to selling them.  He was then arrested, read his *Miranda* rights, and taken to the police station.

{¶2}   On February 24, 2012, the Fairfield County Grand Jury indicted appellant on one count of aggravated trafficking in drugs in violation of R.C. 2925.03 and one count of aggravated possession of drugs in violation of R.C. 2925.11.

{¶3}   On March 28, 2012, appellant filed a motion to suppress, claiming an illegal search of his vehicle and his person, and statements made during a custodial interrogation prior to his *Miranda* rights violated his Fifth Amendment rights.  A hearing was held on May 14, 2012.  By entry filed July 3, 2012, the trial court suppressed appellant's statements made at the scene and denied the motion in all other respects.

{¶4}   On July 10, 2012, appellant pled no contest to aggravated trafficking in drugs and the remaining count was dismissed.  By judgment entry filed July 18, 2012, the trial court found appellant guilty and sentenced him to fourteen months in prison.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}    "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS."

I

{¶7}    Appellant claims the trial court erred in denying his motion to suppress. We disagree.

{¶8}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 485 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.*  As the United States Supreme Court held

in *Ornelas v. U.S.,* 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶9}    Appellant's motion argued an illegal search of his vehicle and his person, and statements made during a custodial interrogation prior to his *Miranda* rights violated his Fifth Amendment rights.  The trial court suppressed the custodial statements made at the scene relative to identification of the pills and his admission to selling drugs.  As to the other prongs, the trial court denied the motion.  We concur with the trial court's conclusions.

{¶10}  In its entry filed July 3, 2012, the trial court found there was probable cause to open and search the padded case that fell to the floorboard:

Viewing the totality of the circumstances, the Court finds that Ofc. Mullet did have probable cause to open and search the padded case. Although the details of the case's appearance were no longer clear to Ofc. Mullet at the time of the evidentiary hearing, Ofc. Mullet clearly referenced the same object as described in the incident report he completed just after the incident and described by Ofc. Hall in his testimony.  More importantly, Ofc. Mullet credibly articulated specific grounds that he reasonably believed a crime was being committed or that contraband was present in the case.  Specifically, Ofc. Mullet testified that he had encountered similar cases in the course of his duties and that such a case had contained a glass marijuana pipe every time that he had encountered one.  Although there might be other uses for such a case, it was not unreasonable for

Ofc. Mullet to draw the conclusion that possession of such a case indicated that Defendant was in possession of marijuana or drug paraphernalia.

{¶11} The trial court also found appellant consented to the search of his person and it was not a mere acquiescence to authority:

Considering all of the facts and circumstances, the Court finds that Defendant's consent to a search of his person was voluntary and not a mere acquiescence to a claim of authority. Even considering Defendant's evident fear during his encounter with officers Hall and Mullet, the Court finds that officer's Hall and Mullet did not take any unusual or coercive actions to cause Defendant to experience that fear. In addition, unlike in *Robinette,* Defendant did not face the implicit threat that he would be subject to an increased sanction if he did not comply with the request for a search. At the time of the request, Defendant knew that Officer Mullet had discovered his marijuana pipe and a small amount of marijuana. He had every reason to expect that he would be arrested soon and may have reasonably believed that he was in the process of being arrested. There was nothing for Defendant to gain by consenting to a search of his person before that apparently impending arrest. Further, throughout the encounter Defendant had been cooperative with the police, taking the keys out of his ignition, promptly identifying himself, and handing over his

pipe case.  Considering the encounter as a whole, the Court finds that the State met its burden to establish consent by a preponderance of the evidence.

{¶12} Although granting the motion to suppress relative to appellant's statements made at the scene, the trial court found the post-*Miranda* statements made at the police department were "sufficiently attenuated as to dissipate the taint of his suppressed statements."  See, July 3, 2012 Entry.

OPENING OF PADDED CASE

{¶13} Appellant's challenge to the opening of the padded case is predicated upon a lack of credibility of the officers' descriptions of the case.  Appellant argues the officers' limited observation of the padded case was insufficient to establish probable cause.

{¶14} In *State v. Halczyszak,* 25 Ohio St.3d 301 (1986), paragraphs three and four of the syllabus, the Supreme Court of Ohio held the following:

> 3. The "immediately apparent" requirement of the "plain view" doctrine is satisfied when police have probable cause to associate an object with criminal activity.

> 4. In ascertaining the required probable cause to satisfy the "immediately apparent" requirement, police officers may rely on their specialized knowledge, training and experience;***.

{¶15} Officer Hall described appellant's demeanor during the traffic stop as "white-knuckled on the steering wheel shaking." T. at 9. Both officers observed appellant's attempt to retrieve his registration from his glove compartment. Appellant opened it, slammed it shut, opened it again, and a small padded case fell out. T. at 10, 43. Appellant attempted to kick it back under the seat out of the officers' sight. T. at 43.

{¶16} Both officers had seen a similar case the night before that contained a glass marijuana pipe. T. at 10, 43-44. Officer Mullet testified he immediately recognized the unopened case as a case for a glass pipe used in marijuana consumption. T. at 44. Officer Mullet asked to see the case and appellant handed it over to him. *Id.* Inside he discovered a glass pipe containing marijuana residue. *Id.*

{¶17} There is sufficient evidence in the record to support the trial court's conclusion that the padded case was immediately recognizable to both officers. Their conclusion that it was a drug-carrying device was substantiated by their own experiences.

SEARCH OF APPELLANT'S PERSON

{¶18} Appellant argues the search of his person outside his vehicle was a fishing exhibition for drugs because there was no reason to suspect that he was armed.

{¶19} The record contains the undisputed testimony from both officers that appellant consented to the search of his person. T. at 10-11, 16, 45. There is sufficient evidence in the record to support the trial court's conclusion that appellant consented to the search.

### APPELLANT'S ORAL/WRITTEN STATEMENTS

{¶20} After appellant's statements and admissions to the police officers at the scene, he was read his *Miranda* rights, transported to the police station, and given his *Miranda* rights again. T. at 19, 50. Thereafter, he made additional statements. T. at 19. Appellant argues that but for having made the initial incriminating statements he would not have made any statements after being *Mirandized*. He argues these statements were tainted by coercion.

{¶21} In *Missouri v. Seibert,* 542 U.S. 600 (2004), the United States Supreme Court reviewed a case regarding two statements, one made before *Miranda* warnings were given and one afterwards. In determining whether the second statement was admissible, the court at 615 listed the factors they considered in its review: "the completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and the second, the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first."

{¶22} In the case sub judice, appellant's first statements were made outside his vehicle. T. at 26-27, 45-46. Appellant was then *Mirandized* and transported to the police station. T. at 19, 50. An inventory search of his vehicle was completed, the Major Crimes Unit had been contacted, and appellant was *Mirandized* again prior to his second statements. T. at 17-19. Given the length of time and difference of places between the two statements, we concur with the trial court's analysis that the connection between the two statements "was sufficiently attenuated as to dissipate the taint of his suppressed statements."

{¶23}  The sole assignment of error is denied.

{¶24}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J.  concur and

Hoffman, J. concurs separately.


s/  Sheila G. Farmer_____


s/ W. Scott Gwin_____


_____

JUDGES

SGF/sg 919

*Hoffman, J., concurring*

{¶25} I concur in the majority's analysis and disposition of Appellant's sole assignment of error with the singular exception I would overrule the search of the padded case on the basis of the "exigent circumstances" exception to the search warrant requirement.[1]

{¶26} Unlike the majority, I do not believe opening the padded case is justified under the "plain view" exception. While I recognize the binding precedent set forth in *State v. Halczyszak* (1986), 25 Ohio St.3d 301, I find it significantly factually distinguishable from the case sub judice.

{¶27} In *Halczyszak*, the officers entered an auto body shop and observed various autos in different stages of assembly and found the auto, described in the search warrant in the beginning stages of disassembly positioned next to a "stripped-out" auto. *Halczyszak* did not involve the opening of an otherwise closed container as is involved herein. As such, I find *Halczyszak* inapplicable.

_____
HON. WILLIAM B. HOFFMAN

_____

[1] Because the officer opened the padded case before he conducted the search of Appellant's person, I find the "search incident to a lawful arrest" exception inapplicable.

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee             :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
CHARLES FURNISS                            :
                                           :
    Defendant-Appellant            :          CASE NO. 12-CA-41


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ William B. Hoffman_____

JUDGES